

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
AUG 07 2013
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13 CR 155 JED |
| Plaintiff, | INDICTMENT |
| v. | [COUNT 1: 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) - Drug Conspiracy; COUNT 2: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) - Possession of Methamphetamine With Intent to Distribute; Forfeiture Allegation: 21 U.S.C. § 853(a) - Drug Forfeiture Allegation] |
| JESUS UZZIEL RODRIGUEZ, VICENTE CHIPRES VALENCIA, FRANCISCO REYES-SANCHEZ, | |
| Defendants. | |

THE GRAND JURY CHARGES:

## COUNT ONE
[21 U.S.C. §§ 846 and 841(b)(1)(A)(viii)]

### THE CONSPIRACY AND ITS OBJECTS

Beginning on or about May 30, 2013 and continuing thereafter to July 11, 2013, in the Northern District of Oklahoma and elsewhere, **JESUS UZZIEL RODRIGUEZ, VICENTE CHIPRES VALENCIA**, and **FRANCISCO REYES-SANCHEZ**, the defendants herein, did knowingly, willfully, and intentionally combine, conspire, confederate, and agree together, each with the other, and with others known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 21, United States Code, Section 841(a)(1), as follows:

1. To possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and

2. To distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

**MEANS AND METHODS OF THE CONSPIRACY**

It was part of the conspiracy that the objects of the conspiracy were to be accomplished and were accomplished by the following means and methods, among others, to wit:

1. **FRANCISCO REYES-SANCHEZ** would and did arrange the transportation and delivery of methamphetamine from California to the Northern District of Oklahoma. Defendant **REYES-SANCHEZ** facilitated the delivery with the use of his cellular phone where he communicated with co-conspirator **VINCENTE CHIPRES VALENCIA** and others unknown in reference to bringing the methamphetamine from California to Tulsa.

2. Defendant **REYES-SANCHEZ** would and did arrange for the distribution of methamphetamine to take place in the parking lot of a FedEx shipping warehouse located at Apache and 129th East Avenue, Tulsa, Oklahoma. During this transaction defendant **REYES-SANCHEZ** introduced defendant **VALENCIA** to a person he believed to be a drug trafficker (CI) and facilitated the sale of the methamphetamine in their possession and arranged for future sales of methamphetamine.

3. Defendant **VALENCIA** would and did, with the use of a cellular phone, communicate with co-defendant **REYES-SANCHEZ** and others unknown in reference to the delivery of methamphetamine from California to Tulsa, Oklahoma.

4. Defendants **VALENCIA** and **JESUS UZZIEL RODRIGUEZ** would and did travel in a rental car from California to Tulsa, Oklahoma, with methamphetamine with the intent to distribute it upon arrival.

5. Defendant **VALENCIA** would and did rent a car from Avis car rental in Belmont, California, to facilitate the delivery of methamphetamine to Tulsa, Oklahoma. Defendant **VALENCIA** then met defendant **REYES-SANCHEZ** in the parking lot of a FedEx shipping warehouse located at Apache and 129th East Avenue, Tulsa, Oklahoma, to distribute the methamphetamine. Once in the parking lot of FedEx, defendant **REYES-SANCHEZ** introduced defendant **VALENCIA** to a person he believed to be a drug trafficker (CI). Together with defendant **REYES-SANCHEZ**, defendant **VALENCIA** arranged not only for the sale of the methamphetamine in their possession, but also for future shipments of methamphetamine.

6. Defendant **RODRIGUEZ** would and did, with the use of a cellular phone, communicate with others unknown in reference to the delivery of the methamphetamine from California to Tulsa, Oklahoma.

7. Defendant **RODRIGUEZ** would and did travel in a rental car (rented by defendant **VALENCIA**) from California to Tulsa, Oklahoma with a large quantity of methamphetamine with the intent to distribute it upon arrival.

8. Defendants **RODRIGUEZ** and **VALENCIA** would and did travel to the parking lot of the FedEx shipping warehouse at Apache and 129th East Avenue, Tulsa, Oklahoma, to meet defendant **REYES-SANCHEZ** so they could distribute the methamphetamine. During the sale of methamphetamine, defendant **RODRIGUEZ**

3

remained in the rental car and conducted what is believed to be counter-surveillance utilizing his cellular telephone, where he checked for the presence of law enforcement.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(viii).

## COUNT TWO
[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

On or about July 11, 2013, in the Northern District of Oklahoma, the defendants, **JESUS UZZIEL RODRIGUEZ, VICENTE CHIPRES VALENCIA,** and **FRANCISCO REYES-SANCHEZ**, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

# FORFEITURE ALLEGATION
## [21 U.S.C. § 853(a)]

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853(a).

Upon conviction of the conspiracy or possession of methamphetamine with intent to distribute offense alleged in Counts One or Two of this Indictment, as part of their sentence, the defendants, **JESUS UZZIEL RODRIGUEZ, VICENTE CHIPRES VALENCIA**, and **FRANCISCO REYES-SANCHEZ**, shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate such offenses.

Pursuant to Title 21, United States Code, Section 853(p), the defendants shall forfeit substitute property, up to the value of the property described above if, by any act or omission of the defendants, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 21, United States Code, Section 853(a).

DANNY C. WILLIAMS, SR.  
UNITED STATES ATTORNEY

A TRUE BILL

_____  
ROBERT T. RALEY  
Assistant United States Attorney

*/s/Grand Jury Foreperson*  
Grand Jury Foreperson