IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESUS UZZEIL RODRIGUEZ,

    Defendant.

Case No. 13-CR-155-JFH
USM No.: 12673-062

## OPINION AND ORDER

Before the Court is Defendant Jesus Uzziel Rodriguez's ("Defendant") Motion for Compassionate Release ("Motion") pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed on September 23, 2021. Dkt. No. 175. In his Motion, Defendant argues that the significant difference between his statutory mandatory minimum sentences of 20 years imposed at the time of sentencing for his two § 851-enhanced Title 21 offenses, and the lower sentence he would face today for the same conduct after passage of § 401 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018); his good conduct record while imprisoned; and the need to assist his family during the COVID-19 pandemic, constitute "extraordinary and compelling" reasons warranting reduction of sentence.

The Court finds that in August 2021, Defendant submitted a compassionate release request to the Warden at FDC Miami, and more than 30 days have passed without a response from the Warden. *Id*. at 3. Accordingly, the Court finds that Defendant has exhausted his administrative remedies, giving the Court jurisdiction to consider his Motion.

On November 9, 2022, Plaintiff filed a response in opposition to Defendant's Motion for Compassionate Release. Dkt. No. 178. Plaintiff argues that the fact Defendant received a longer sentence than he would today does not by itself constitute an "extraordinary and compelling" reason to reduce Defendant's sentence. Plaintiff cited the dissent in *Maumau,* that length of

sentence alone is insufficient to trigger a reduction, that a combination of factors, to include a defendant's unique circumstances is necessary to reach "extraordinary and compelling" circumstances justifying a sentence reduction. Plaintiff noted that the Court does have discretion to determine what types of "extraordinary and compelling" reasons warrant a sentence reduction. *Maumau*, 993 F.3d at 832. Plaintiff acknowledges that the First Step Act lowered the mandatory minimum sentence under 21 U.S.C. § 851 from twenty years to fifteen. In addition to lowering the mandatory minimum sentence for a § 851-enhanced conviction, the First Step Act also changed the prior conviction criteria for the enhanced penalty. *See* First Step Act, § 401. Defendant would not qualify for the 15-year enhanced penalty if sentenced today because it applies only if defendant had a prior conviction for a "serious drug felony" instead of a "felony drug offense." Compare 21 U.S.C. § 841(b)(1)(A) (2013) with 21 U.S.C. § 841(b)(1)(A) (2022). The term "serious drug felony" is much narrower than "felony drug offense," and requires, among other things, that the defendant had served more than 12 months for the prior conviction. *See* 21 U.S.C. § 802(57); *see also* 18 U.S.C. § 924(e)(2). Defendant served only 63 days for his prior California felony conviction for heroin possession. PSR at ¶ 28. Plaintiff argues that even if the Court concludes that Defendant's circumstance warrants a reduction, the reduction should be limited to a sentence within the 151 to 188-month sentence he would face if sentenced today. PSR at ¶ 43.

## BACKGROUND

On November 26, 2013, Defendant was found guilty by jury verdict as to Counts One and Two of the Indictment. Count One charged Drug Conspiracy, in violation of 21 U.S.C. §§ 851, 846, 841(a)(1) and (b)(1)(A)(viii); Count Two charged Possession of Methamphetamine With Intent to Distribute, in violation of 21 U.S.C. §§ 851, 841(a)(1), and (b)(1)(A)(viii). On April 8, 2014, United States District Judge John E. Dowdell sentenced Defendant to a 240-month term as to each of Counts One and Two, said counts to run concurrently, each with the other. Defendant

is currently imprisoned at FDC Miami. His presumptive release date is August 22, 2030. Defendant is a native of Mexico, an illegal alien, and likely subject to expedited deportation. Immigration and Customs Enforcement has lodged a detainer against Defendant for possible deportation.

## STANDARD OF LAW

In considering Defendant's motion, the Court has reviewed the three-part test adopted by the Tenth Circuit in *United States v. Maumau*, 993 F.3d at 831 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Step one requires the Court to determine at its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. Step two requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. Step three requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of the case. The Court must address all three steps when granting such motion. *Id.* at 831 n.4. (citing *United States v. Navarro,* 986 F.3d 668, 670 (6th Cir. 2021)). However, at step two, "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *Maumau*, 993 F.3d at 834. Thus, "USSG § 1B1.13 is not presently an 'applicable' policy statement that controls the definition of 'extraordinary and compelling reasons' when a prisoner initiates a § 3582(c)(1)(A) proceeding." *United States v*. *Carr*, 2012 WL 1400705, at *1 (10th Cir. Apr. 14, 2021). Finally, when any of the three prerequisite steps is lacking, the Court may deny a compassionate release motion and does not need to address the other steps. *Maumau,* 993 F.3d at 838 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

Defendant argues that a significant sentencing disparity was created by § 401 of the First Step Act, which reduced the mandatory minimum 20-year sentence to a 15-year term for persons convicted under a § 851-enhanced § 841(b)(1)(A) violation.  Further, as Plaintiff noted [Dkt. No. 178 at 4], the Act also altered the definition of a "serious drug felony" that triggers the enhanced penalty, meaning that Defendant's 2003 felony conviction for Possession For Sale of Heroin [PSR at ¶ 28] no longer serves as a predicate conviction for the purpose of enhancing a sentence under 21 U.S.C. §§ 851, 841.  *See* 21 U.S.C. § 802(57); *see also* 18 U.S.C. § 924(e)(2).  Accordingly, if sentenced today, Defendant would not be subject to a mandatory minimum sentence as to either count of conviction.  Instead, the statutory penalty would be 10 years to life, and, based upon a total offense level 34 and criminal history category I, Defendant would face an advisory guideline range of 151 to 188 months.  *See* PSR at ¶ 43, *see also* 18 U.S.C. § 841(a)(1), and (b)(1)(A)(viii). Defendant further argues that his minimal institutional misconduct record and the need to assist his family constitute a combination of factors justifying a reduction of sentence.

The Court finds that Defendant has not presented "extraordinary and compelling reasons" sufficient to warrant a reduction of sentence pursuant to § 3582(c)(1)(A)(i).  Defendant's institutional adjustment is insufficient to warrant a reduction of sentence.  Also, disruption of defendant's life, and the concomitant difficulties for those who depend on defendant, are inherent in the punishment of incarceration.  Family concerns resulting from a defendant's imprisonment are not ordinarily a factor to be considered at sentencing [*see* USSG §5H1.6, comment. (n. 1(B)], nor is this factor a viable reason for reduction of sentence.  Further, as set out in the dissent in *Maumau,* 993 F.3d at 838 (Tymkovich, J. concurring), cases rising to the level of extraordinary and compelling "should be relatively rare;" and the length of sentence alone is likewise insufficient to elicit a reduction, that a combination of factors, to include a defendant's unique circumstances is necessary to reach "extraordinary and compelling" circumstances justifying a sentence

reduction.  Although the Court agrees that Defendant's 2003 conviction for Possession For Sale of Heroin [PSR at ¶ 28] would not qualify for the § 851-enhanced mandatory minimum penalty if sentenced today; this conviction, a 2001 prior arrest on drug distribution charges in another jurisdiction [PSR at ¶ 31], and the instant conviction, strongly suggest that Defendant has, for several years and in various locales, been engaged in the illegal drug trade.  The Court finds that Defendant's sentence is generally consistent with the sentences imposed for similarly situated defendants.  Accordingly, the Court finds that the sentence in this case does not present such a compelling circumstance that relief under § 3582(c) is warranted.

As the Court has found that the requirement at step one of the foregoing three-part test in *Maumau* has not been met, the other prerequisite steps need not be addressed.

IT IS THEREFORE ORDERED that Defendant's Motion for Miscellaneous Relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. No. 175], is DENIED.

DATED this 12th day of December 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE